## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LAWRENCE TOLBERT,

      Applicant,

v.                               No.  CIV-06-1022 JH/LAM

ROBERT ULIBARRI, et al.,

      Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

1.     **THIS MATTER** is before the Court on ***Respondents' Motion to Dismiss Petition***

(*Doc. 23*) (hereinafter "***Motion to Dismiss***")[2], filed on May 18, 2007.  The Court has considered the

parties' submissions and relevant law.[3]  For the reasons set forth below, the Court recommends that

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

[2]Unless otherwise noted, all referenced documents are from Case No. CIV-06-1022.

[3]Mr. Tolbert filed an ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** (*Doc. 1*) (hereinafter, "***Application***"), on October 20, 2006.  Respondents filed an ***Answer*** (*Doc. 19*), on February 12, 2007, and Mr. Tolbert filed a response to the ***Answer*** titled ***Petitioner['s] Motion in Reply Opposing Respondents['] Answer to the Petitioner['s] Pro Se[ ] Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254*** (*Doc. 20*) (hereinafter "***Response to Answer***"), on March 12, 2007.  On June 25, 2007, the Court ordered Respondents to file a brief in support of their ***Motion to Dismiss*** where Respondents were ordered to state with specificity their arguments in support of their ***Motion to Dismiss*** and to include specific references to the underlying state court record and legal authorities.  *See Order to File Brief in Support of Respondents' Motion to Dismiss Petition (Doc. 24)*.  Respondents filed ***Respondents' Memorandum Brief in Support of Motion to Dismiss Petition*** (*Doc. 27*) (hereinafter "***Brief in Support of Motion to Dismiss***"), on August 8, 2007.  On September 12, 2007, Mr. Tolbert filed his ***Petitioner['s] Reply Brief and Support Motion in Opposition of the Respondent's [sic] Brief in Support [of] Motion Requesting the United States District Court For the District of New Mexico to Dismiss the Petitioner['s] Federal Writ of Habeas***

(continued...)

the **Motion to Dismiss** be **GRANTED**, that Mr. Tolbert's **Application** be **DENIED** as without merit, and that this case be **DISMISSED WITH PREJUDICE**.  Because all of the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary.  *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999).

2.      Mr. Tolbert is incarcerated and proceeding *pro se*.  Some of the claims in Mr. Tolbert's **Application** are somewhat difficult to understand; however, because he is a *pro se* litigant, the Court construes his **Application** liberally and holds it to a less stringent standard than pleadings drafted by an attorney.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

3.      The Court construes Mr. Tolbert's claims as follows: (a) ineffective assistance of trial counsel: (b) ineffective assistance of appellate counsel; (c) prosecutorial misconduct; (d) and denial of due process based on the ineffective assistance of counsel and prosecutorial misconduct claims.[4]

4.      Respondents state that Mr. Tolbert has exhausted his ineffective assistance of trial counsel claim, but that he did not exhaust the claim of ineffective assistance of appellate counsel.[5]  However, because Mr. Tolbert's claims in this case and the underlying state proceedings are

---

[3](...continued)

*Corpus/Certiorari Proceedings That Is In Review Under 28 U.S.C. § 2254* (*Doc. 28*) (hereinafter, "**Response to Motion to Dismiss**"), which the Court construes as a response to the **Motion to Dismiss**.  Respondents did not file a reply to the **Response to Motion to Dismiss**, making the **Motion to Dismiss** ready for ruling.

[4]*See **Application*** at CM-ECF pages 5-6, 9 (all references so designated are to the electronic page numbers listed in the PDF header at the top of each document in the CM-ECF docket).  The Court notes that for "Claim Two" on CM-ECF page 7, Mr. Tolbert states that his claims are supported by the court records.  Because Mr. Tolbert is proceeding *pro se*, his **Application**  must be construed liberally, but this does not relieve him of the obligation to allege sufficient facts on which a recognized legal claim can be based.  *See Hall*, 935 F.2d at 1110.  The Court does not construe this as a claim and the analysis below is confined to the specific allegations stated in the **Application** under "Claim One" on CM-ECF pages 5-6 and "Claim Three" on CM-ECF page 9.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition, . . . we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.").

[5]*See **Brief in Support of Motion to Dismiss*** at 3, 15.

somewhat difficult to understand, it is not entirely clear to the Court whether all of his claims in this case, as the Court construes them, have been exhausted.  Nevertheless, in the interests of judicial economy, and pursuant to 28 U.S.C. § 2254(b)(2), the Court will consider all of Mr. Tolbert's claims in this case on the merits and recommend, for the reasons set forth below, that relief be denied.  *See* 28 U.S.C. § 2254(b)(2) stating that, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  *See also Patton v. Mullin*, 425 F.3d 788, 810 (10th Cir. 2005) (citing 28 U.S.C. § 2254(b)(2) as authority for the consideration of unexhausted § 2254 claims on the merits).

### I.  Factual and Procedural Background

5.      On April 27, 2002, 92-year-old Helen Williams was sexually assaulted in her residence in an assisted living facility in Albuquerque, New Mexico.[6]  Ms. Williams did not recognize her attacker.[7]  She fought back and may have scratched the face of her attacker.[8]  Another resident stated that a black male entered her room on the same night of Ms. Williams' attack.  The police found a black male in the area of the attack with scratches on his face, and they collected a DNA sample from him and turned it in for examination.  The police also collected a DNA sample from another suspect and gathered evidence from the victim and the scene for examination.[9]

---

[6]*See **Brief in Support of Motion to Dismiss** at 4.  See also **Answer***, Exhibit D (Docketing Statement in CR 02-02972) at CM-ECF page 11.  The remaining facts in paragraphs 5 through 7 herein are from the Docketing Statement prepared by Mr. Tolbert's trial counsel in CR 02-02972 and filed in Mr. Tolbert's appeal to the New Mexico Court of Appeals of his conviction in the Second Judicial District Court, Bernalillo County, New Mexico, and filed as Exhibit D to Respondents' **Answer**.

[7]*See **Answer***, Exhibit D at CM-ECF page 12.

[8]*Id.* at CM-ECF page 13.

[9]*Id.* at CM-ECF page 14.

3

6.      Catherine Dickey, a forensic analyst with the Albuquerque Police Department (hereinafter "APD"), analyzed the DNA collected from the victim, the scene and the two suspects. A DNA profile of a suspect was identified from the top bed sheet and watch face collected at the scene, and from swab evidence collected from the breasts of the victim.  This profile did not match the DNA collected from the two suspects.[10]  Ms. Dickey transferred the identified profile into a computer database which manages DNA profiles under systems called the New Mexico DNA Identification System (hereinafter, "NMDIS"), and the National DNA Identification System (hereinafter, "NDIS").  The DNA profile was compared to NMDIS and no known DNA profiles matched that of the suspect.  The DNA profile was then compared to the NDIS, and a possible match to a suspect in Washington State was generated.  These results were confirmed by the Washington state DIS office.[11]  The DNA profile matched a sample taken from a convicted felon in Washington, Lawrence Tolbert, who police learned was living in Albuquerque.  Mr. Tolbert was served an arrest and search warrant and police collected a DNA sample from him, which matched the DNA collected at the crime scene.[12]

7.      Mr. Tolbert's trial was set for September 15, 2003.  Prior to the start of the trial, the competency of Mr. Tolbert was raised and, after a competency hearing, the Court ruled that Mr. Tolbert was competent to stand trial.[13]  Defense counsel also moved to suppress DNA samples taken from Mr. Tolbert, claiming the search warrant was based upon hearsay.  The motion was denied.  Next, defense counsel moved to suppress evidence of the DNA profiling by Ms. Dickey and

---

[10]*Id.*

[11]*Id.* at CM-ECF page 15.

[12]*Id.* at CM-ECF pages 15-16.

[13]*Id.* at CM-ECF page 16.

the APD, stating that the procedures followed by APD could have lead to contamination and was unreliable.   The Court denied the motion.[14]   Mr. Tolbert's defense counsel also argued that Ms. Dickey was not qualified to render testimony about DNA profiling.   This motion was denied as well.   During trial, counsel for Mr. Tolbert objected to Ms. Dickey's testimony about serological analysis on the grounds that Ms. Dickey was not an expert in the area of serology.   The Court overruled the objection and allowed Ms. Dickey to testify that the samples taken originated from semen.[15]

8.      On September 19, 2003, Mr. Tolbert was convicted by a jury in State of New Mexico v. Lawrence Tolbert, No. CR 02-02972 (2nd Judicial Dist. Ct.) of three counts of criminal sexual penetration in the first degree, one count of kidnapping in the first degree, one count of aggravated burglary in the second degree, and one count of aggravated battery (great bodily harm) in the third degree.[16]   Mr. Tolbert was sentenced to 132 years in prison based on the counts running consecutively, the habitual offender enhancement, and the old age enhancement.[17]

9.      On January 20, 2004, Mr. Tolbert appealed his conviction to the New Mexico Court of Appeals.[18]   The New Mexico Court of Appeals affirmed Mr. Tolbert's convictions.[19]   On June 24, 2004, Mr. Tolbert filed a petition for writ of certiorari with the New Mexico Supreme Court,

---

[14]*Id.*

[15]*Id.* at CM-ECF page 17.

[16]*See Answer*, Exhibit B (Amended Judgment, Sentence and Commitment to Department of Corrections in CR 02-02972).

[17]*Id.*

[18]*See Answer*, Exhibit C (Notice of Appeal filed with the New Mexico Court of Appeals).

[19]*See Answer*, Exhibit G (Memorandum Opinion).   *See also Answer*, Exhibit E (Notice Proposed Summary Disposition) and Exhibit F (Defendant-Appellant's Memorandum in Opposition to Proposed Summary Affirmance).

seeking review of the New Mexico Court of Appeals' memorandum opinion in *State v. Tolbert*, No. 24,655, slip op. (N.M. Ct. App. June 8, 2004).[20]   The New Mexico Supreme Court denied Mr. Tolbert's petition for writ of certiorari on July 19, 2004, without issuing an opinion.[21]

      10.      Mr. Tolbert filed a *pro se* petition for writ of habeas corpus with the Second Judicial District Court on September 30, 2005.[22]   The Second Judicial District Court appointed the Public Defender to represent Mr. Tolbert and the appointed counsel filed an amended petition for writ of habeas corpus on April 7, 2006.[23]   The Second Judicial District Court dismissed Mr. Tolbert's petition for writ of habeas corpus.[24]   Mr. Tolbert filed a petition for writ of certiorari to the New Mexico Supreme Court on July 27, 2006, seeking review of the District Court's dismissal of Mr. Tolbert's *pro se* habeas corpus petition, and the New Mexico Supreme Court denied the petition on September 25, 2006.[25]

      11.      On October 20, 2006, Mr. Tolbert filed his **Application** for federal *habeas corpus* relief with this Court.   This **Application** was timely filed.   *See* 28 U.S.C. § 2244(d)(1).

---

[20]*See **Answer***, Exhibit H.

[21]*See **Answer***, Exhibit I.

[22]*See **Answer***, Exhibit K.

[23]*See **Answer***, Exhibits L and M.

[24]*See **Answer***, Exhibit O.

[25]*See **Answer***, Exhibits P and Q.

## II.  Claims for Habeas Corpus Relief

### A.  Standards of Review

12.    The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996[26] (hereinafter, "AEDPA"), govern this case.[27]  The Court cannot grant Mr. Tolbert habeas relief pursuant to 28 U.S.C. § 2254(d) unless the decision in his state court proceeding (a) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (b) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1)-(2).  The United States Supreme Court has construed these statutory provisions, and established rules for applying them, in a series of cases decided since the enactment of AEDPA.[28]

13.    The phrase "clearly established Federal law, as determined by the Supreme Court of the United States" in 28 U.S.C. § 2254(d)(1), "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

14.    Under 28 U.S.C. § 2254(d)(1), a state court decision is "contrary to" United States Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by

---

[26]110 Stat. 1214.

[27]The standards in AEDPA apply to this case because the **Application** was filed after the effective date of AEDPA which was April 24, 1996.  *See Upchurch v. Bruce*, 333 F.3d 1158, 1162 (10th Cir. 2003), *cert. denied*, 540 U.S. 1050 (2003).

[28]*See, e.g., Bell v. Cone*, 543 U.S. 447 (2005) (*per curiam*); *Mitchell v. Esparza*, 540 U.S. 12 (2003) (*per curiam*); *Wiggins v. Smith*, 539 U.S. 510 (2003); *Lockyer v. Andrade*, 538 U.S. 63 (2003); *Woodford v. Visciotti*, 537 U.S. 19 (2002) (*per curiam*); *Early v. Packer*, 537 U.S. 3 (2002) (*per curiam*); *Ramdass v. Angelone*, 530 U.S. 156 (2000); *Williams v. Taylor*, 529 U.S. 362 (2000); *see also Bush v. Neet*, 400 F.3d 849 (10th Cir. 2005); *Jackson v. Ray*, 390 F.3d 1254 (10th Cir. 2004); *Miller v. Mullen*, 354 F.3d 1288 (10th Cir. 2004).

[the Supreme] Court on a question of law." *Williams v. Taylor*, 529 U.S. at 413.  A state court

decision is also "contrary to" Supreme Court precedent "if the state court decides [the] case

differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.*

However, a state court decision is not "contrary to" Supreme Court precedent "simply because the

court did not cite [Supreme Court] opinions . . . .  [A] state court need not even be aware of

[Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court

decision contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (quoting *Early v. Packer*,

537 U.S. 3, 8 (2002)).  *See also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (noting presumption

that state courts know and follow the law); *Miller v. Mullen*, 354 F.3d 1288, 1292-1293 (10th Cir.

2004) (AEDPA applicable notwithstanding state court's failure to cite or discuss federal case law).

Indeed, a state court need not even discuss the federal law applicable to a claim in order for AEDPA

standards to apply.  So long as the state court does not dismiss a claim on procedural grounds, a

federal court applies the AEDPA standards regardless of whether there is any reasoning supporting

the "decision."[29]  Moreover, if a state court's decision does not conflict with the  reasoning or the

holdings of Supreme Court precedent, the decision is not "contrary to" such precedent under

28 U.S.C. §2254(d)(1) simply because the federal court holds a different view where Supreme Court

precedent "is, at best, ambiguous." *Mitchell v. Esparza,* 540 U.S. at 17.

      15.    Under 28 U.S.C. § 2254(d)(1), a state court decision involves an "unreasonable

application" of Supreme Court precedent  if it "identifies the correct governing legal principle from

---

[29]*See Cook v. McKune*, 323 F.3d 825, 830-831 (10th Cir. 2003); *see also Chadwick v. Janecka*, 312 F.3d 597, 606 (3d Cir. 2002) (discussing that in *Weeks v. Angelone*, 528 U.S. 225 (2000), the Supreme Court applied AEDPA standards of review to a claim the state court dismissed summarily without any explanation of how it reached its decision); *compare Morris v. Burnett*, 319 F.3d 1254, 1267 (10th Cir. 2003) ("[w]hen the state court addresses the great bulk of the issues raised by the petitioner's brief in that court but omits to address a particular claim, we have inferred that the claim was not decided 'on the merits' in the state court . . . [and,] [t]herefore, we do not apply the deferential review set forth in 28 U.S.C. § 2254(d) with  respect to that claim.")

8

[the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. at 413.  However, "a federal habeas court may not issue [a writ of habeas corpus] simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. at 75-76 (internal quotations and citations omitted).  "Rather, that application must be objectively unreasonable."  *Id.* at 76.

16.     Under 28 U.S.C. §§ 2254(d)(2) and (e)(1), a state court decision is based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" only if it is shown by "clear and convincing evidence" that the factual finding is incorrect. *See Wiggins v. Smith*, 539 U.S. 510, 528 (2003).

17.     The deferential AEDPA standard of review applies to habeas claims that were adjudicated on the merits in state court proceedings.  *See* 28 U.S.C. § 2254(d).  If the state court did not adjudicate a claim on the merits, and the claim is not otherwise procedurally barred, a federal court reviews the claim *de novo* under the pre-AEDPA standard of review.  *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999)). Under the pre-AEDPA standard of review, a state court's findings of fact are afforded a presumption of correctness and both legal conclusions and mixed questions of law and fact are reviewed *de novo*. *See Castro v. Ward*, 138 F.3d 810, 815-816 (10th Cir. 1998).  "[T]he presumption of correctness will continue to apply to any findings of fact underlying mixed questions."  *Id.* at 816 (quoting *Case v. Mondragon*, 887 F.2d 1388, 1393 (10th Cir. 1989)).  See *also* 2 Randy Hertz and James S. Liebman, Federal Habeas Corpus Practice and Procedure, § 32.1, at 1565 (5th ed. 2005) (if § 2254 habeas claim was not adjudicated on the merits, federal court must employ pre-AEDPA standard of *de novo* review of legal and mixed legal-factual rulings).

### B. Analysis

18.      Subject to the foregoing standards, the Court considers Mr. Tolbert's claims in this proceeding.

### 1. Ineffective Assistance of Trial Counsel

19.      For his first claim, Mr. Tolbert contends that he was denied constitutionally effective assistance of counsel because his trial and appellate attorneys failed to "get [ ] the courts to review issues of negative DNA evidence and medical [sic]."[30]  He states that he was denied constitutionally effective assistance of counsel because he was denied "independently [sic] DNA testing to prove the truth of the errored [sic] DNA test."[31]

20.      To establish a claim of constitutionally ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution, a petitioner must show: (a) that his attorney's representation fell below an objective standard of reasonableness; and (b) that there is a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687-88 and 694 (1984).  Failure to meet either part of this test defeats an ineffective assistance of counsel claim.  *Id.* at 687.

21.      Mr. Tolbert's claim for ineffective assistance of counsel is actually a challenge to his trial counsel's strategic advice.  "A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill chosen that it permeates the entire trial with obvious unfairness."  *Nguyen v. Reynolds*, 131 F.3d 1340, 1349 (10th Cir. 1997).  The decision by

---

[30]*See **Application** at CM-ECF page 5.

[31]*Id.*

10

Mr. Tolbert's counsel to not have the DNA independently tested was a tactical decision and was not objectively unreasonable.  *See Sanders v. State*, 995 P.2d 397, 400 (Kan. Ct. App. 1999) (holding that trial counsel's decision not to independently test DNA evidence was reasonable and therefore did not constitute ineffective assistance of counsel, because it may have "verified that the  State's evidence was accurate").  Mr. Tolbert does not provide any support for his allegations that the DNA evidence was inaccurate or inadmissible, and certainly does not make any showing that this decision was "so ill chosen that it permeate[d] the entire trial."  Without a showing that his attorney's performance was objectively unreasonable or that he was prejudiced as a result of his attorney's performance, Mr. Tolbert's claim for relief should be denied.

### *2. Ineffective Assistance of Appellate Counsel*

22.      In his ***Response to Answer*** *(Doc. 20)*, Mr. Tolbert states that his appellate counsel did not raise the issue of "no DNA found internal [sic] of [sic] the vaginal, anal, oral, and internaly [sic] of the body cavity of the victim . . . ."[32]  The Court reviews this claim in light of the holding that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."  *Smith v. Robbins*, 528 U.S. 259, 288 (2000).  For Petitioner to prevail on his claim that his appellate counsel was ineffective for failing to raise this claim on appeal, he must show that there is a reasonable probability that the omitted claim would have resulted in a reversal on appeal.  *Neill v. Gibson*, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001).  The Court finds that Mr. Tolbert's appellate counsel was not ineffective in failing to raise that issue.  Appellate counsel raised several other issues regarding the DNA evidence in his Amended Petition for Writ of Habeas Corpus filed with

---

[32]*See **Response to Answer*** at CM-ECF page 6.

11

the Second Judicial District Court, and stated that Petitioner raised other issues in his *pro se* petition and that "[i]n as much [sic] as this Amended Petition does not address those alternative issues, counsel would request the Court to review those issues as part of this petition."[33]  Since the issue of whether the DNA evidence from the vaginal, anal or oral swabs of the victim matched the DNA taken from Petitioner was raised by Mr. Tolbert in his Petition for a Writ of Habeas Corpus,[34] it was before the state court and the state court could have ruled on it.  Therefore, Mr. Tolbert fails to establish that there is an omitted claim that may have resulted in a reversal on appeal.  In addition, even if this claim could be considered omitted by Mr. Tolbert's appellate counsel, this Court does not find a reasonable probability that it would have resulted in a reversal on appeal because the New Mexico Court of Appeals held that the DNA evidence presented in his trial was admissible and that "[t]here was evidence that Defendant's DNA matched the DNA found on the victim and at the crime scene [and that] [t]his evidence was sufficient to support the several convictions here."[35]  Thus Mr. Tolbert's claim for ineffective assistance of appellate counsel should be denied.

### 3. Prosecutorial Misconduct - Presentation of Inaccurate Evidence

22.     Mr. Tolbert alleges prosecutorial misconduct because he claims that the prosecution presented "errored [sic] evidence of S.P. [sexual penetration] and astuales [assaults]."[36]  Mr. Tolbert claims that the state witnesses testified about medical and DNA evidence inaccurately and with

---

[33]*See Answer* Exhibit M at CM-ECF page 10.

[34]*See Answer* Exhibit K at CM-ECF page 32 of 37.

[35]*See Answer* Exhibit G at CM-ECF page 14.  *See also Answer* Exhibit E at CM-ECF page 34.

[36] *See Application* at CM-ECF page 6.

unclear facts.[37]  Prosecutorial misconduct does not warrant federal habeas relief unless the conduct complained of "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).  Mr. Tolbert fails to cite to any evidence that the prosecution elicited false testimony or presented false evidence.  *See Gamble, Simmons & Co. V. Kerr-McGee*, 175 F.3d 762, 773 n.5 (10th Cir. 1999) ("In the absence of sufficient citation to record support for a party's allegations, we decline to search for the proverbial needle in a haystack.") (citing *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995); *see also Hall v. Bellmon*, 935 F.2d at 1110 (*pro se* litigant must allege "sufficient facts on which a recognized legal claim could be based").  In addition, Mr. Tolbert does not show that the evidence presented by the prosecution "infected the trial with unfairness."  Instead, the Court notes that Mr. Tolbert's chief complaint about the DNA evidence in this case appears to stem from his confusion about the terminology used by the forensic analyst, Ms. Dickey, and the DNA evidence she presented at his trial.  This complaint goes to the weight of the evidence presented, not its admissibility, as the New Mexico Court of Appeals concluded.[38]  Thus, Mr. Tolbert's claim for relief for ineffective assistance of appellate counsel should be denied.

### 4.  Denial of Due Process

23.     Mr. Tolbert claims that he has been denied "his constitutional rights to due process of law" for the claims stated in his *Application (Doc. 1)*.[39]  The Court has already found that the claims in the *Application (Doc. 1)* do not warrant federal habeas relief, and Mr. Tolbert fails to explain with any supporting facts, or citations to any evidence, how his claims resulted in due

---

[37]*Id.*

[38]*See Answer* Exhibit E at CM-ECF pages 30-31.  *See also Answer* Exhibit G at CM-ECF page 14.

[39]*See Application* at CM-ECF page 9.

process violations.  Mr. Tolbert's *pro se* status does not relieve him of the obligation to allege sufficient facts on which a recognized legal claim can be based.  *See Hall v. Bellmon*, 935 F.2d at 1110 (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim).  Moreover, although Mr. Tolbert's *pro se **Application*** must be liberally construed, the Court is "not required to fashion [his] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments."  *United States v. Fisher*, 38 F.3d at 1147 (citing *Hall v. Bellmon*, 935 F.2d at 1110).  Mr. Tolbert's ***Application*** provides no basis for determining the nature of this claim.  Accordingly, the Court finds that habeas relief is not warranted on this claim.

### C. Conclusion

24.     For the foregoing reasons, the Court finds that habeas relief is not warranted on Mr. Tolbert's claims.  He has failed to demonstrate that either his trial or appellate counsel was ineffective; failed to demonstrate or cite to any evidence in the record of prosecutorial misconduct; and has failed to show any violation of his due process rights beyond his conclusory allegations that a violation occurred.  Therefore, the Court recommends that Respondents' ***Motion to Dismiss*** be granted, Mr. Tolbert's ***Application*** for habeas relief be denied and this case be dismissed with prejudice.

## RECOMMENDED DISPOSITION

The Court recommends that **Respondents' Motion to Dismiss Petition** (*Doc. 23*) be **GRANTED**, that Mr. Tolbert's **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody** (*Doc. 1*) be **DENIED** as without merit, and that this case be **DISMISSED WITH PREJUDICE**.

*Lourdes a. Martínez*

**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**

15